UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 18-CR-198-03 (JEB) |
| | : | |
| v. | : | |
| | : | |
| JAMES THOMAS TAYLOR, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO RECONSIDER
### COURT'S RULING REGARDING ADMISSIBILITY OF
### EVIDENCE OF DEFENDANT TAYLOR'S FLIGHT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this Motion to Reconsider the Court's Order Denying the Government's Motion to Admit Evidence of Defendant Taylor's Flight (ECF No. 70 at 27-30). *See* February 19, 2020, Minute Order; Transcript from February 19, 2020, Motions Hearing at 58-59.  As grounds for this motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on the motion.

### PROCEDURAL AND FACTUAL BACKGROUND

On October 11, 2019, the government filed a Motion seeking to admit evidence of Defendant Taylor's flight from law enforcement as evidence of his consciousness of guilt. *See* ECF No. 70 at 27-30.  At a hearing on the Motion on February 19, 2020, the Court ruled that it would exclude the evidence, for the following reasons:

> The last piece is flight. And I'm going to deny the request as to Mr. Taylor who, on July 3rd, that when the police were seeking a buccal swab, I think that flight seems more ambiguous because first of all he wasn't even driving a car. This is two weeks after the event. They don't know why he – he doesn't know why they're there.  This, to me, seems to sort of – the consciousness of guilt issue is, I think, much less. And so that doesn't seem to me probative.

1

*See* Transcript of February 19, 2020, Motions Hearing at 58-59. Since the ruling on this Motion, additional evidence has been located that addresses the Court's concerns regarding the probative value of the flight evidence.

Specifically, on July 10, 2018, Defendant Taylor sent a family member the message below:



The message was sent one week after Det. McHugh attempted to stop Defendant Taylor to effectuate the buccal swab warrant. As Defendant Taylor's explains, after the murder on June 20, 2018, Defendant Taylor did not return to the family member's house where he had been staying since he was released from jail in May of 2018. The message above further acknowledges that Taylor "had to get another [phone] #" – a similar admission to his statement on a recorded jail visit with Antonio Upshaw in the afternoon following the murder about dropping his phone. This message links the flight from Detective McHugh to the defendant's actions after the murder that further underscore his consciousness of guilt (dropping his phone and never returning home) and indicate that the flight was not an unrelated incident with no connection to the offenses charged in this case.

Further, it is also clear from the message that Defendant Taylor recognized Detective McHugh as he specifically refers to "a detective chased me a couple of days ago and I thought he was going to ur house". Prior to attempting to stop Defendant Taylor on July 3, 2018, Detective McHugh had met Defendant Taylor on multiple occasions, including an interview with him on February 21, 2016, as part of an unrelated homicide investigation. On February 22, 2016, Defendant McHugh interacted with Defendant Taylor again and took his buccal swab pursuant to a warrant in that investigation. The text message provides further evidence that Defendant Taylor

2

knowingly fled from Detective McHugh (even though he was not the driver of the vehicle) and that the flight was related to what had occurred on June 19 and June 20, 2018, given his reference to staying away from his residence and changing his phone number.

Evidence of Defendant Taylor's flight rebuts the notion that Defendant Taylor was innocently present at the Lucky Mart after the murder with Defendant Brown and the Maxima containing blood, zip-ties, masks, and gloves. Had he simply met up with his co-conspirators later that morning and not been involved in the murder, he would have no reason to stay away from his home, drop his phone number, and flee from Detective McHugh on July 3, 2018. *See* ECF 191 (Motion to Reconsider) at 5-10 (discussing innocent presence defense); ECF 202 (Supplement to Motion to Reconsider) at 2-3 (same); ECF No. 218 (Order Granting Motion to Reconsider) (recognizing the need to rebut a defense that Defendant Taylor "was not merely present without criminal connection on the morning after the killing").

Although the Court previously expressed concern that it wasn't clear from the facts whether Defendant Taylor knew why law enforcement was trying to stop him, the text message above makes clear that the flight was connected to the events of June 19 and 20, 2018: he changed his phone number, he never returned to his residence, and he fled in a vehicle from a homicide detective who he knew was trying to stop him (after two of his co-conspirators had already been arrested).

CONCLUSION

Wherefore, the government requests that the Court grant the Motion to Reconsider and admit the evidence of Defendant Taylor's flight.

                                                Respectfully submitted,

                                                Matthew M. Graves
                                                U.S. Attorney
                                                D.C. Bar No. 481052

By:      /s/ *Laura Crane*
            Laura Crane
            D.C. Bar 992454
            Steven B. Wasserman
            D.C. Bar 453251
            Assistant United States Attorneys
            555 Fourth Street, N.W.
            Washington, D.C. 20530
            202-252-7667 (Crane)
            *Laura.crane@usdoj.gov*
            202-252-7719 (Wasserman)
            *Steve.wasserman@usdoj.gov*

CERTIFICATE OF SERVICE

    I hereby certify that, by filing the foregoing via the Court's Electronic Case Filing System, I caused a copy of the foregoing to be delivered electronically to counsel of record, on August 23, 2022.

                                                /s/ *Laura Crane*
                                                Laura Crane